IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GILLESPIE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 12-947-CV-W-DGK |
| BLOCK MAINTENANCE SOLUTIONS, a DIVISION OF BLOCK REAL ESTATE SERVICES LLC, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO REMAND

Pending before the Court are Plaintiff's Motion to Remand (Docs. 8, 9) and Defendant's Motion in Opposition (Doc. 10). For the following reasons, Plaintiff's motion is DENIED.

A defendant may remove an action to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Federal district courts have original jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331. Whether removal is proper is determined by looking at the Plaintiff's pleadings at the time the notice of removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939).

Here, Plaintiff admits a federal question exists. Plaintiff's first claim seeks relief under a federal statute, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Therefore, the Court has jurisdiction over Plaintiff's FLSA claim. Furthermore, because Plaintiff's additional three claims "derive from a common nucleus of operative fact," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), the Court may exercise its supplemental jurisdiction over them.

Accordingly, Plaintiff's motion to remand is denied.

**IT IS SO ORDERED**

Date:  October 30, 2012             /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT