IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GILLESPIE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 12-947-CV-W-DGK |
| ) | |
| BLOCK MAINTENANCE SOLUTIONS, ) | |
| a DIVISION OF BLOCK REAL ESTATE ) | |
| SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING DISCOVERY

Plaintiff Stephen Gillespie was an employee of Defendant Block Maintenance Solutions from January 27, 2010 until August 29, 2011. Plaintiff now brings claims against Defendant for violation of the Fair Labor Standards Act, the Missouri Human Rights Act, the Missouri Employment Security Act, and the Missouri Wage, Hour, and Dismissal Rights statutes. Pending before the Court is a discovery dispute between the parties regarding Plaintiff's computation of damages, the deposition of Block Real Estate Services, LLC employees, the deposition of Ron Fredericks, and Defendant's responses to Plaintiff's interrogatories. After receiving written memorandums from each party, the Court conducted a telephone conference with Plaintiff's counsel Stephen Dees and Defendant's counsel Chris Johnson on March 20, 2013 at 10:00 a.m., during which it heard arguments from the parties.

In his complaint, Plaintiff seeks unpaid overtime, back pay, liquidated damages, punitive damages, attorneys' fees, and other legal and equitable remedies. Defendant maintains that during the course of discovery Plaintiff has failed to provide any computation of damages or to disclose the evidence upon which he intends to calculate his damages as required by Fed. R. Civ. P. 26. Although Plaintiff provided conclusory damage figures (Doc. 22-1, at 2), he did not

provide any evidence to support these figures. Accordingly, the Court directs Plaintiff to provide clarification and documentation in support of his damages claims. Specifically, for each damage calculation, the Court directs Plaintiff to identify: (1) the total amount of damages sought; (2) how that value was derived; and (3) specific documentation to support the computation.

Plaintiff and Defendant also dispute three other issues. First, Defendant disputes Plaintiff's request to re-depose Ron Fredericks, Plaintiff's direct supervisor. Defendant also disputes Plaintiff's request to depose employees of Block Real Estate Services, LLC. Finally, Plaintiff seeks to compel answers to interrogatories objected to by Defendant. Because Plaintiff's counsel has indicated an intent to file a motion to amend the complaint to add Block Real Estate Services, LLC and to file an amended motion to compel Defendant's answers to Plaintiff's interrogatories, the Court takes these issues under advisement at this time. The Court will rule on these issues after receiving additional briefing by the parties.

It is therefore ORDERED that Plaintiff shall provide an amended motion to compel, not to exceed five pages, on or before April 1, 2013, addressing Defendant's answers to Plaintiff's interrogatories. Any motion to amend the complaint to add additional parties shall also be filed on or before April 1, 2013.

Finally, the Court notes that Local Rule 37.1 anticipates that discovery disputes of this nature will be resolved through a meeting between the parties. Moving forward, the Court encourages the parties to work together to resolve these disputes without judicial intervention.

**IT IS SO ORDERED.**

Date: March 25, 2013 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT