IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. GILLESPIE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 12-947-CV-W-DGK |
| | ) |
| BLOCK MAINTENANCE SOLUTIONS, | ) |
| a DIVISION OF BLOCK REAL ESTATE | ) |
| SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Stephen Gillespie was an employee of Defendant Block Maintenance Solutions ("BMS") from January 27, 2010 until August 29, 2011. Plaintiff now brings claims against Defendant for violation of the Fair Labor Standards Act, the Missouri Human Rights Act, the Missouri Employment Security Act, and the Missouri Wage, Hour, and Dismissal Rights statutes.

Pending before the Court are the following: Plaintiff's "Motion to Amend Pleadings by Adding a Party" (Doc. 31), Defendant's suggestions in opposition (Doc. 34), and Plaintiff's reply (Doc. 39); Plaintiff's "Motion to Compel Defendant to Produce Ron Fredericks for Deposition" (Doc. 30), Defendant's suggestions in opposition (Doc. 35), and Plaintiff's reply (Doc. 38); and Defendant's "Motion for Sanctions and to Dismiss and/or Strike Plaintiff's Complaint with Suggestions in Support" (Doc. 33), Plaintiff's suggestions in opposition (Docs. 36, 37), and Defendant's reply (Doc. 42).

For the following reasons, Plaintiff's motion to amend by adding a party is DENIED. Plaintiff's motion to compel Defendant to produce Ron Fredericks ("Mr. Fredericks") for deposition is DENIED. Defendant's motion for sanctions is DENIED in part.

### I. Plaintiff's motion to amend by adding a party is denied.

Federal Rule of Civil Procedure 15 states "leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15.  However, "plaintiffs do not have an absolute or automatic right to amend."  *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).  The function of Rule 15(a) is to "enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint or answer."  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1473 (3d ed. 2010).  Proper justification for denying a motion to amend includes "undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile."  *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

Plaintiff seeks to add Block Real Estate Services, LLC ("BRES") as a defendant, on theory that BRES, as an alter ego for BMS, is Plaintiff's employer.

The Court denies Plaintiff's request to add BRES as a party.  First, Plaintiff has not alleged any new facts that were unknown at the time of the October 8, 2012 deadline to amend pleadings or add parties.  Furthermore, the Court finds Plaintiff's motion to add a party futile because Plaintiff has merely alleged, but not shown, that Plaintiff was employed by BRES or that BRES is an alter ego of BMS.  Specifically, Plaintiff has failed to show that BRES completely dominates and controls the finances or business practices of BMS or that such control was for an improper purpose.  *See Dean v. United States*, 987 F. Supp. 1160, 1164 (W.D. Mo. 1997).  Accordingly, Plaintiff's motion to add BRES as a party is denied.

**II. Plaintiff's motion to compel Defendant to produce Ron Fredericks is denied.**

On October 4, 2012, Defendant produced Ron Fredericks, Plaintiff's supervisor, for a deposition that lasted less than seven hours. Plaintiff now seeks to re-depose Mr. Fredericks, admitting that while he was aware of the rule limiting discovery of each individual to seven hours, he was unaware that Fed. R. Civ. P. 30(d)(1) limits depositions to *one day* of seven hours. Defendant opposes Plaintiff's request, noting that Plaintiff did not indicate that he had more questions for Mr. Fredericks at the end of the October 4th deposition and arguing that Plaintiff has not provided sufficient reasons for seeking an additional deposition.

Under Fed. R. Civ. P. 30(a)(2)(A)(ii), a party must obtain leave of court to depose a person who has already been deposed in a case. To justify a second deposition, a party must show that the additional deposition is not unreasonably cumulative or duplicative, that the party has not had an opportunity to obtain the information sought, and that the burden or expense of the deposition outweighs its benefit. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff has provided no reasons supporting his request to re-depose Mr. Fredericks. Accordingly, the Court has no way to determine whether Plaintiff already had an opportunity to obtain the information sought or whether additional deposition time would unreasonably cumulative. Accordingly, the Court denies Plaintiff's motion to compel.

**III. Defendant's motion for sanctions based on fraud is denied.**

Defendant seeks dismissal of Plaintiff's complaint due to allegations that Plaintiff provided false and misleading testimony under oath. Specifically, Defendant alleges that while Plaintiff testified that he created "work logs" contemporaneously with the time he worked, a forensic analyst found that a number of the "work logs" were created after BMS terminated him on August 29, 2011. Where a court finds by clear and convincing evidence that a party has given

false or misleading testimony, the court may impose sanctions up to and including dismissal with prejudice. *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001).

The Court does not find that the affidavit from Defendant's analyst warrants dismissal of this case. While Plaintiff's work logs may not have been created contemporaneously with his work as Defendant alleges, evidence of Plaintiff's veracity shall be for the jury to decide. Accordingly, the Court denies Defendant's motion.

**IV. Plaintiff is ordered to provide the Court with its damages calculations.**

Finally, Defendant seeks dismissal of the case due to Plaintiff's failure to disclose his damage computation. On March 25, 2013, the Court held a phone conference during which Defendant complained that Plaintiff had yet to provide any computation of damages or to disclose the evidence upon which he intends to calculate his damages as required by Fed. R. Civ. P. 26. Accordingly, the Court directed Plaintiff to provide clarification and documentation in support of his damages claims. Specifically, the Court ordered Plaintiff to identify (1) the total amount of damages sought; (2) how that value was derived; and (3) specific documentation to support the computation.

Defendant maintains Plaintiff has yet to provide an adequate damages calculation. Plaintiff maintains he has fully complied with his duties under Rule 26. The Court orders Plaintiff to file his damages calculation with the Court on or before July 31, 2013. The Court further orders Defendant, within seven days of Plaintiff's filing, to submit a motion detailing how Plaintiff's computation is insufficient. Failure to provide an adequate damages calculation may result in dismissal of Plaintiff's complaint.

4

## Conclusion

For the foregoing reasons, Plaintiff's motion to add a party is denied, Plaintiff's motion to compel Mr. Fredericks for deposition is denied, and Defendant's motion for sanction or to dismiss is denied. The Court again encourages the parties to work together to resolve any future disputes without judicial intervention.

**IT IS SO ORDERED.**

Date: July 17, 2013

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT