# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN M. GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 12-947-CV-W-DGK |
| | ) | |
| BLOCK MAINTENANCE SOLUTIONS, | ) | |
| a DIVISION OF BLOCK REAL ESTATE | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Stephen Gillespie was an employee of Defendant Block Maintenance Solutions ("BMS") from January 27, 2010 until August 29, 2011. Plaintiff now brings claims against Defendant for violation of the Fair Labor Standards Act, the Missouri Human Rights Act, the Missouri Employment Security Act, and the Missouri Wage, Hour, and Dismissal Rights statutes.

Pending before the Court are the following motions: (1) Defendant's "Motion to Dismiss Plaintiff's Complaint for Failure to Provide Adequate Damages Calculation" (Doc. 45) (the "Motion to Dismiss"); (2) Plaintiff's "Motion in Limine to Prohibit the Introduction of Evidence Concerning Missouri Division of Employment Security Determination and Related Misdemeanor" (Doc. 47) (the "Motion in Limine"); (3) Defendant's "Motion to Compel Discovery" (Doc. 49) (the "Motion to Compel"); and (4) Plaintiff's "Motion for In Camera Inspection Concerning Missouri Court Records of Plaintiff's Missouri Division of Employment Security Determination and Related Documents" (Doc. 52) (the "Motion for In Camera Inspection").

For the following reasons, Defendant's Motion to Dismiss is DENIED in part. Defendant's Motion to Compel is GRANTED. Plaintiff's Motion for In Camera Inspection is DENIED. Finally, the Court withholds ruling on Plaintiff's Motion in Limine until after the parties re-brief the issue following Plaintiff's production of discovery regarding his unemployment determination and misdemeanor guilty plea.

**I. Plaintiff is ordered to provide the Court with its damages calculations.**

Defendant seeks dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's repeated failure to adequately disclose his damages calculations. On March 25, 2013, the Court held a phone conference during which Defendant complained that Plaintiff had yet to provide any computation of damages or to disclose the evidence upon which he intends to calculate his damages as required by Federal Rule of Civil Procedure 26. Accordingly, the Court directed Plaintiff to provide clarification and documentation in support of his damages claims. After the Plaintiff failed to comply with the order in a timely manner, Defendant filed a motion to dismiss the case for failure to calculate damages. Rather than dismiss the case, the Court ordered Plaintiff to: (1) identify the total amount of damages sought; (2) explain how that value was derived; and (3) provide specific documentation to support the computation by July 31, 2013. Plaintiff filed another damages calculation on July 30, 2013.[1] After reviewing the filing, Defendant filed the instant motion to dismiss.

Defendant contends that Plaintiff's latest calculation fails: (1) to provide an accurate calculation because the total damages sought does not equal the sum of the damages sought for each individual claim; (2) to provide an understandable documentation of hours worked by

---

[1] Plaintiff filed the original document on July 30, 2013, but later realized that he failed to attach the proper documents. Accordingly, Plaintiff filed a supplemental document on August 2, 2013. Because the Court finds this was a clerical error, it will not impose sanctions for Plaintiff's late filing.

2

Plaintiff for his FLSA unpaid overtime claim; (3) to differentiate between the damages sought under Plaintiff's separate claims for violations of the Missouri Human Rights Act and the Missouri Employment Security Act.

While the latest filing fails to fully comply with the Court's previous order, such a transgression does not, at this time, warrant complete dismissal of the entire lawsuit. *See DiMercurio v. Malcolm*, 716 F.3d 1138, 1140 (8th Cir. 2013) ("[W]e have held that Rule 41(b) dismissal with prejudice is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff.") (emphasis). Therefore, Plaintiff must provide further information and documentation to satisfy his Rule 26 duties of disclosing a precise damages computation. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents."). Thus, the Plaintiff is ORDERED to *strictly* comply with the following directives.

First, Plaintiff shall provide a summary of damages calculations for each individual claim *and* a total amount of damages sought. This includes separating out the calculations for the Missouri Human Rights Act and the Missouri Employment Security Act. There must be a separate computation for each claim that clearly demonstrates, with numerical figures, how Plaintiff has calculated the amount of damages. For each individual claim, Plaintiff must precisely demonstrate how he arrived at the particular amount. The Plaintiff must even demonstrate how he arrived at the calculation for attorney's fees. This can be accomplished by demonstrating the number of hours worked (in addition to providing a fair estimation of hours that will be worked) multiplied by the hourly rate. The only exception for showing exact

3

computation is for punitive damages because this jury-dependent amount is not amenable to a precise mathematical computation.

Each computation should, at a minimum, mirror the calculation method employed by Plaintiff to arrive at the damages amount for the violation of Missouri Revised Statutes Section 290.110. (Doc. 45-2 at 4). The Court finds the method employed for this computation sufficient. In this calculation, Plaintiff showed the total amount of damages sought for a violation of this statute *and* precisely how he calculated this amount. Plaintiff provided a summary of the calculation that included: (1) Plaintiff's hourly rate ($19); (2) multiplied by the hours Plaintiff worked in a given day (8 hours); (3) with the total from this calculation ($152) multiplied by the 60-day penalty. The amount derived from this calculation ($9,210) equaled the total amount sought by Plaintiff ($9,210).

Plaintiff must also demonstrate how the subtotal for each individual claim combines to equal the total for all damages sought. For example, Plaintiff should show: (1) the amount of damages sought under the FLSA overtime claim ($8,625.50); (2) plus the amount of damages sought under Mo. Rev. Stat. § 290.110 claim ($9,120); (3) equals the total damages sought ($17,745.50). Obviously, this is a truncated example which does not include all of the damages sought for each claim, but this is the type of calculation that is necessary.

In addition to clearly demonstrating the calculation method, Plaintiff must provide documentation that supports the calculations for each of the individual computations, except punitive damages. This documentation must provide support for the figures asserted in the calculations. A *non-exclusive* list of relevant documentation includes: (1) the number of uncompensated overtime hours worked by Plaintiff, (2) Plaintiff's hourly rate while employed by BRES, (3) the amount of time Plaintiff remained unemployed, (4) a listing of the value of

Plaintiff's benefits, (5) a billing statement of attorney hours worked, and (6) *all* other documentation that provides support for *all* figures used in the computation of damages.

The only documentation provided by Plaintiff in his last computation was a work log, which was difficult to decipher without further explanation from Plaintiff. The Court is unable to discern from the documentation the number of hours Plaintiff reported on his timesheet versus the number of hours that he allegedly worked. Many of the figures on the documentation are severely faded and no definitions are provided for the various abbreviations used in the chart. Thus, Plaintiff's revised work log must show in clear, readable print *on each page*: (1) the number of overtime hours Plaintiff reported on his timesheet for each day; (2) the number of overtime hours Plaintiff allegedly worked on each day; (3) and a subtotal for each of these amounts. At the end of this document, Plaintiff shall provide a total of the number of overtime hours he reported on his timesheet, a total of the number of overtime hours he worked, and the difference between these figures. The totals on this chart should precisely match the figures used in the computation for unpaid overtime. Similarly, all other documentation must be properly formatted in a readable form, it must include clearly-marked totals and subtotals for any figures, and there must be clear labels or a key which explains any abbreviations used in the documentation.

Plaintiff is ORDERED to comply with these directives by Thursday, December 12, 2013. Failure to comply with this order will, upon Defendant's motion, result in the Court imposing sanctions against Plaintiff.

## II. Plaintiff is ordered to answer interrogatories and produce documents regarding Plaintiff's unemployment proceeding and related misdemeanor guilty plea.

In his Motion in Limine (Doc. 47), Plaintiff seeks to prohibit Defendant from introducing evidence related to a Missouri Division of Employment Security determination in which the agency required Plaintiff to repay certain unemployment benefits. Plaintiff also seeks exclusion of the misdemeanor charge and guilty plea related to Plaintiff's procurement of these unemployment benefits. Due to Plaintiff's incomplete answers on two interrogatory questions, Defendant was unaware of either the determination or the misdemeanor charge until Plaintiff filed the Motion in Limine. Defendant now seeks an order compelling Plaintiff to supplement answers to interrogatories and produce documents regarding Plaintiff's unemployment proceeding before the Missouri Division of Employment Security for fraudulently procuring unemployment benefits and the related misdemeanor charge. *See* Fed. R. Civ. P. 37(a)(3)-(4) (allowing a party to motion the court to compel another party to provide complete and non-evasive answers to interrogatory answers and produce related documents).

In light of the information revealed in Plaintiff's Motion in Limine, it is clear that Plaintiff provided incomplete and somewhat evasive answers on two interrogatory questions aimed at discovering information about prior unemployment proceedings and criminal charges.[2]

---

[2] The two interrogatories and answers are as follows:

**Defendant's Interrogatory No. 2**: "If you have been arrested, charged with and/or convicted of a felony and/or misdemeanor (excluding routine traffic offenses), by any city, state or federal authorities, please state for each arrest, charge and/or conviction: a description of the crime charged; the disposition of the charge; a description of the court case filed including but not limited to, the name of the county and state, the case number, and the date of each arrest, charge and/or conviction."
**Plaintiff's Answer**: "Objection. Not relevant nor likely to lead to admissible evidence, and prejudicial."

**Defendant's Interrogatory No. 4**: "State whether you have ever been a party to a lawsuit, Charge of Discrimination, unemployment or Workers' Compensation proceeding. Include in your answer

Despite Defendant's repeated efforts to seek clarification on these answers both before and after Plaintiff filed the Motion in Limine, Plaintiff has failed to supplement his answers to these questions. Accordingly, Plaintiff is ORDERED pursuant to Federal Rule of Civil Procedure 37(a)(3)-(4) to answer Defendant's Interrogatories Two and Four with all information regarding the Missouri Division of Employment Security determination and the related misdemeanor charge and guilty plea. Furthermore, Plaintiff is ORDERED to produce all documents related to these two issues. Plaintiff must answer the interrogatories and produce the documents on or before Thursday, December 12, 2013.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 45) is DENIED in part, Defendant's Motion to Compel (Doc. 49) is GRANTED, and Plaintiff's Motion for In Camera Inspection (Doc. 52) is DENIED. Plaintiff is ORDERED to provide a calculation of damages which complies with the directives in Section I on or before Thursday, December 12, 2013. Plaintiff is also ORDERED to provide complete answers to Defendant's Interrogatories Two and Four and produce all documents related to Plaintiff's unemployment determination and the related criminal charges on or before Thursday, December 12, 2013.

The Court withholds ruling on Plaintiff's Motion in Limine (Doc. 47) until after Defendant has received the information related to the unemployment proceeding and related criminal charges. Defendant may then file a memorandum in opposition to the Motion in Limine

---

    if you were/are plaintiff or defendant, the court or agency in which the action was filed; the names of other parties to the proceeding; the date on which the action was filed; and the ultimate disposition of the proceeding."
**Plaintiff's Answer**: "Mr. Gillespie has never been a party to a lawsuit. Mr. Gillespie has made claims under workers' comp, and unemployment, and of course the one involved here, the charge of discrimination but has not had a hearing or proceeding in any of them."

on or before Thursday, December 19, 2013. Plaintiff may then file a reply brief on or before Thursday, December 26, 2013.

**IT IS SO ORDERED.**

Date: <u>November 27, 2013</u>　　　　　　　　　　<u>/s/ Greg Kays</u>
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT