IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN L. GILLESPIE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 12-CV-947-W-DGK |
| BLOCK MAINTENANCE SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING GILLESPIE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Stephen L. Gillespie ("Gillespie") brings this action against his former employer, Defendant Block Maintenance Solutions, LLC ("BMS"). After his discharge, Gillespie sued BMS on claims arising from his employment and his discharge. By previous order, the Court granted BMS summary judgment on some of those claims (Doc. 101).

Pending before the Court is Gillespie's Motion for Partial Summary Judgment (Doc. 93). For the reasons below, Gillespie's motion is DENIED.

### Background[1]

The following facts, which the Court views in the light most favorable to Gillespie, are taken from the record evidence. BMS terminated Gillespie's employment in August 2011. Gillespie has produced a letter dated October 19, 2011, demanding "a written statement setting forth my dates of employment, explaining my duties while employed by Block Maintenance Solutions and the true reason why I am no longer employed by that company" (Doc. 95-16, at 2). Gillespie claims he mailed this letter to his former boss, Ron Fredericks ("Fredericks"), at BMS via United States Postal Service certified mail. Although Fredericks's assistant signed for some

---

[1] The Court has omitted properly controverted facts, facts that are immaterial to the resolution of the pending motion, facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as fact.

piece of certified mail on October 20, 2011, Fredericks never saw Gillespie's letter. BMS has not responded to this letter.

Gillespie sued BMS for claims related to his employment, and BMS removed to this Court. The Amended Complaint (Doc. 92-1) charges five counts. The Court has granted BMS summary judgment on Counts II, III, and IV (Doc. 101). Gillespie now moves for summary judgment on Counts IV and V, pertaining to his dismissal rights under certain Missouri statutes.

## Standard

A moving party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether a jury question presents on an element, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Johnson v. Wells Fargo Bank, N.A.*, 744 F.3d 539, 541–42 (8th Cir. 2014).

## Discussion

Gillespie moves for summary judgment on Counts IV and V of the Complaint. The Court has already granted summary judgment to BMS on Count IV, so that part of Gillespie's motion is DENIED AS MOOT.

Gillespie moves for summary judgment on Count V for violating Mo. Rev. Stat. § 290.140. That section generally provides that upon written request, an employer must inform a discharged employee the true reasons for discharging the employee. Mo. Rev. Stat. § 290.140(1). The employer must respond within forty-five days. *Id.*

2

Here, Gillespie produced a Section 290.140 demand letter dated October 19, 2011. However, Fredericks never saw the letter. Because Fredericks never received any Section 290.140 written demand, he was under no obligation to provide that information to Gillespie. BMS would thus not be liable under Section 290.140 for failing to provide the information Gillespie seeks.

Gillespie argues it is unlikely that the letter received by Fredericks's assistant could have been anything besides his demand letter. However, a reasonable jury could find that Fredericks never saw the letter, and so BMS's Section 290.140 obligations were never triggered. There being a genuine dispute over this material fact, the Court denies summary judgment on Count V.

## Conclusion

For the reasons discussed above, Gillespie's Motion for Partial Summary Judgment (Doc. 93) is DENIED.

**IT IS SO ORDERED.**

Date:  September 30, 2014           /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT